

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ENTERED
06/12/2012

| | | |
|---|---|---|
| IN RE: § | | |
| § | CASE NO: 12-50105 | |
| J. MOSS INVESTMENTS, INC. § | CHAPTER 11 | |
| § | | |
| Debtor(s). § | DAVID R. JONES | |
| § | | |
| § | | |
| MARIA DE LOS ANGELES § | | |
| BUSTAMANTE § | | |
| § | | |
| Plaintiff(s), § | | |
| § | | |
| vs. § | ADVERSARY NO. 12-5002 | |
| § | | |
| J.MOSS INVESTMENTS, INC., *et al* § | | |
| § | | |
| Defendant(s). § | | |

**MEMORANDUM OPINION REGARDING EMERGENCY MOTION
FOR ABSTENTION OR, IN THE ALTERNATIVE, REMAND FILED
BY PLAINTIFF MARIA DE LOS ANGELES BUSTAMANTE,
SUCCESSOR IN INTEREST TO JOSE LUIS BUSTAMANTE**
(Docket No. 3)

On April 20, 2012, Maria De Los Angeles Bustamante Successor in Interest to Jose Luis Bustamante ("Bustamante") filed her Emergency Motion for Abstention or, in the Alternative, Remand [Adversary No. 12-5002, Docket No. 3] seeking an order transferring this litigation back to the 49th Judicial District Court of Zapata County, Texas. The Debtor objected to the requested relief. On April 26, 2012, the Court conducted an evidentiary hearing on the motion. For the reasons set forth below, the Court denies Bustamante's motion. A separate order will issue.

### Background

1.  In 2005, Bustamante and Debtor entered into a lease agreement under which Bustamante agreed to lease a tract of land in Zapata County, Texas to the Debtor for use as an oil and gas waste treatment facility (the "Lease").

2.  A dispute subsequently arose between the parties with each party asserting various breaches under the Lease. On or about July 13, 2007, Bustamante filed a lawsuit against the Debtor in the 49th Judicial District of Zapata County, Texas (the "Lawsuit").

3. To say that the litigation has been contentious is an understatement. By the parties' own admissions, (i) the petition has been amended 14 times, (ii) 22 motions to compel/for sanctions have been filed; (iii) over 20 depositions have been taken; and (iv) a plethora of miscellaneous motions for summary judgment/disqualification/etc. have been filed—all with little apparent impact toward moving the case toward a final resolution. The trial of the matter has been continued on numerous occasions.

4. On April 18, 2012, the Debtor filed its chapter 11 bankruptcy case [Case No. 12-50105, Docket No. 1]. The Court notes, and Bustamante loudly complains, that the bankruptcy filing was made on the eve of trial in the state court. Within hours of the bankruptcy filing, Bustamante filed her Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to Allow State Court Litigation to Proceed (the "Lift Stay Motion") [Case No. 12-50105, Docket No. 2].

5. On April 19, 2012, the Debtor removed the Lawsuit to the United States District Court for the Southern District of Texas thereby initiating this Adversary Proceeding by virtue of the standing order of reference in the Southern District of Texas [Adversary No. 12-5002, Docket No. 1].

6. Bustamante's Fourteenth Amended Petition contains numerous causes of action including claims for breach of contract, fraud, nuisance, negligence, negligence per se, gross negligence, alter-ego and other corporate veil piercing theories of recovery against alleged affiliates of the Debtor. Likewise, the Debtor asserts various counterclaims against Bustamante under several different theories.

7. At the core of Bustamante's case is her assertion that the Lease has been terminated. Not surprisingly, the Debtor asserts that the Lease was in effect on the petition date and is an asset of the bankruptcy estate. On May 10, 2012, the Debtor filed a motion seeking to assume the Lease (the "Motion to Assume") [Case No. 12-50105, Docket No. 25].

8. On April 20, 2012, Bustamante filed her Emergency Motion for Abstention or, in the Alternative, Remand (the "Motion to Remand") [Adversary No. 12-5002, Docket No. 3]. The Debtor filed its objection to the Motion to Remand on April 25, 2012 [Adversary No. 12-5002, Docket No. 5]. In its objection, the Debtor alleged that after the bankruptcy case was filed, Bustamante's state court counsel requested and received an emergency "chambers conference" in the state court [Adversary No. 12-5002, Docket No. 5]. The Debtor further alleged that despite being specifically informed of the potential stay violation, Bustamante's counsel continued to discuss scheduling and other matters with the state court [Adversary No. 12-5002, Docket No. 5].

9. The Court conducted a hearing on the Motion to Remand on April 26, 2012. At the hearing, the Court *sua sponte* raised the issue of what occurred during the April 19, 2012 chambers conference with the state court. The Court required counsel for both Bustamante and the Debtor to give sworn testimony.

10.     Both counsel testified that the state court conducted a chambers' conference with full knowledge of the bankruptcy proceeding at the request of Bustamante's counsel [April 26, 2012 Hearing at 3:25:30]. Bustamante's counsel indicated the primary purpose of the conference was to determine when the state court could be available to conduct the trial on the assumption that this Court would enter the necessary order modifying the automatic stay. Bustamante's counsel also acknowledged the discussion strayed beyond mere scheduling issues. When questioned by the Court, Bustamante's counsel acknowledged that he wanted to speak with the state court judge so as to make him angry with the Debtor and other defendants. [April 26, 2012 Hearing at 3:38]. The parties agree the state court judge commented that he "felt bad" for Bustamante and inquired about the existence of other creditors [April 26, 2012 Hearing at 3:31]. Both counsel were extremely reluctant to make any statements about the state court's conduct.

### The Motion to Remand

11.     In her motion, Bustamante asserts this Court must mandatorily abstain and return the litigation to the 49th Judicial District Court. Bustamante alternatively requests the Court to permissively abstain or equitably remand the litigation.

### Mandatory Abstention

12.     Bustamante argues mandatory abstention applies to this litigation pursuant to 28 U.S.C. § 1334(c)(2). Section 1334(c)(2) provides that:

> [u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). In summary, the Court must abstain from hearing a state law claim if the following requirements are met: (1) a motion has been timely filed requesting abstention; (2) the cause of action is essentially one that is premised on state law; (3) the claim is a non-core proceeding, i.e., it is "related to" a case under title 11 but does not arise under or in a case under title 11; (4) the proceeding could not otherwise have been commenced in federal court absent federal jurisdiction under § 1334(b); (5) an action has been commenced in state court; and (6) the action could be adjudicated timely in state court. *J.T. Thorpe Co. v. Am. Motorists*, No. H-02-4598, 2003 U.S. Dist. LEXIS 26016, at *10 (S.D. Tex. June 6, 2003). *See Schuster v. Mims* (*In re Rupp & Bowman Co.*), 109 F.3d 237, 239 (5th Cir. 1997).

**Factors Supporting Mandatory Abstention**

13.     There is no question that the Motion to Remand, filed one day after the Lawsuit was removed, was timely filed. Furthermore, the Lawsuit was commenced in state court. Finally, without commenting on whether it is appropriate for the state court to conduct this trial,

it appears the state court is prepared to commence trial in short order if the proceeding is remanded.  Thus, factors 1, 5 and 6 weigh in favor of mandatory abstention.

**Factors Supporting Retention**

14. Factors 2 (the cause of action is based on state law) and 3 (the claim is a non-core proceeding) go hand in hand.  In order for mandatory abstention to be applicable, the Court must find that the cause of action is the product of state law and that no independent basis for federal jurisdiction exists.   In sum, the nature of claims in this proceeding must be such that they are defined as purely a matter over which this Court has no interest or jurisdiction other than mere "related to" jurisdiction.

15. Section 157(b)(2) of Title 28 contains a list of "core proceedings."  28 U.S.C. § 157(b)(2)(A)–(P).  However, not all claims that fit within the literal language of § 157(b)(2) can be treated as core claims or claims over which a bankruptcy court may enter a final judgment. *Stern v. Marshall*, 131 S.Ct. 2594 (2011); *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1988).  In order to determine whether a matter is core, "a court must first look to the illustrative list of 'core' proceedings in § 157(b)(2).  It must then conduct [a] two-step test, according to which a claim will be deemed core 'if (1) it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.'" *In re Exide*, 544 F.3d 196, 206 (3d Cir. 2008).  The Fifth Circuit has held that a proceeding is core only "if it invokes a substantive right provided by title 11 or it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d. 90, 97 (5th Cir. 1987).

16. The Amended Petition and the Debtor's counterclaim assert claims rooted in state law.  However, central to the dispute is an issue derived only under the Bankruptcy Code – assumption or rejection of an executory contract/lease pursuant to § 365 of the Bankruptcy Code.  The Debtor has invoked that process by filing a motion to assume the Lease.  The assumption and rejection of leases and executory contracts are fundamental issues of bankruptcy law unique to the Bankruptcy Code and are core matters over which federal courts have exclusive jurisdiction. *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 528 (1984); *In re Mirant Corp.*, 378 F.3d 511, 517 (5th Cir. 2004).  The Court finds that the issues related to the assumption of the Lease are core proceedings.

17. Further, the resolution of the veil piercing claims asserted by Bustamante is a core matter.  Bustamante asserts in paragraph 57 of the Amended Petition that "the corporate forms of these Defendants should be disregarded…" and that "[t]he unity between [the Defendants] was such that the separation between the individual and the entity Defendants ceased to exist."  Alter ego claims such as these are property of the estate. *S.I. Acquisition, Inc. v. Eastway Delivery Service* (*In re S.I. Acquisition*) 817 F.2d 1142 (5th Cir. 1987).  Any attempt to affect these claims necessarily impacts the automatic stay.

18. Given the existence of bankruptcy issues over which this Court has core jurisdiction permeating the Lawsuit, mandatory abstention is not applicable.

### Permissive Abstention

19.     Though the Court is not required to abstain from this proceeding, the Court may abstain using its discretion under 28 U.S.C. § 1334(c). *Gober v. Terra + Corp.* (*In re Gober*), 100 F.3d 1195, 1206 (5th Cir. 1996). Courts have developed a long list of nonexclusive factors to consider in determining whether permissive abstention is appropriate, including:

> (1)  the effect or lack thereof on the efficient administration of the estate;
>
> (2)  extent to which state law issues predominate over bankruptcy issues;
>
> (3)  difficult or unsettled nature of applicable law;
>
> (4)  presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
>
> (5)  jurisdictional basis, if any, other than § 1334;
>
> (6)  degree of relatedness or remoteness of proceeding to main bankruptcy case;
>
> (7)  the substance rather than the form of an asserted core proceeding;
>
> (8)  the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
>
> (9)  the burden of the bankruptcy docket;
>
> (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
>
> (11) the existence of a right to a jury trial;
>
> (12) the presence in the proceeding of non debtor parties;
>
> (13) comity; and
>
> (14) the possibility of prejudice to other parties in the action.

*J.T. Thorpe Co.*, No. H-02-4598, 2003 U.S. Dist. LEXIS 26016, at *23.

20.     The resolution of this adversary proceeding will have a significant impact on the administration of the estate. As a threshold issue, a determination of whether the Lease may be assumed will drive whether the Debtor has the future ability to operate its business and will necessarily shape any plan advanced by the Debtor. Further, the alter-ego claims asserted by Bustamante are now owned and controlled by the bankruptcy estate. Should the Debtor recover on its counterclaims or the alter-ego claims, any recovery would belong to the estate for the

benefit of all creditors. Therefore, it is essential that the party prosecuting those claims be cognizant of its fiduciary duties and appropriately monitored by this Court.

21. Bustamante requests the Court to send estate property back to the state court in the hands of a "motivated" creditor. If the Court were so inclined, Bustamante would then hold competing interests—to maximize her personal claims against the Debtor while minimizing the claims of the estate against her. Bustamante's counsel would be required to serve two masters—something this Court is very uncomfortable in promoting.

22. Moreover, severing the pure state law claims from the core bankruptcy claims would be exceedingly difficult, if not impossible. This Court has no confidence that even if a workable severance could be fashioned, the rule of law would be followed. While the record is incomplete and this Court makes no findings, the actions taken by the state court and the parties' counsel after the filing of the bankruptcy raise significant concerns. The legal process works only if its protectors are beyond reproach. The frailty of justice will not be left to chance.

23. The bankruptcy law issues present in this litigation are substantial and decisive. State law issues do not predominate. To the extent that state law is implicated in this proceeding, the claims do not implicate any area of unsettled state law. This Court is as competent as any state court to apply established Texas state law.

24. No factor strongly favors, and most strongly disfavor, permissive abstention. The Court will not permissibly abstain.

### Equitable Remand

25. Under 28 U.S.C. § 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on *any* equitable ground." 28 U.S.C. § 1452(b) (emphasis supplied). Permissive abstention and equitable remand are very similar and the analysis under each has considerable overlap. *J.T. Thorpe Co.*, No. H-02-4598, 2003 U.S. Dist. LEXIS 26016, at *21 (citing *Lee v. Miller*, 263 B.R. 757, 763 (S.D. Miss. 2001)). As a result, the 14 factors listed above in considering permissive abstention also apply to equitable remand. *Id.*, at *23. Additional factors that may apply in considering a request for equitable remand include:

(1) *forum non conveniens*;

(2) whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court;

(3) whether the state court has greater ability to respond to questions of state law;

(4) the particular court's expertise;

(5) the inefficiencies of proceedings in two forums;

    (6)    prejudice to the involuntarily removed party;

    (7)    comity; and

    (8)    possibility of an inconsistent result.

*Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984); *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F.Supp.2d 596, 603 n.1 (S.D. Tex. 1999)).

26. The majority of these factors do not support remand. Moreover, common sense notions of equity do not favor remand. This Court will provide the parties with a prompt and impartial resolution of the issues. Gamesmanship and delay will not be tolerated. Attempts to impugn the integrity of the bankruptcy process will met with an even-handed but purposeful response.

### Conclusion

27. For the reasons set forth above, the Court denies the Emergency Motion for Abstention or, in the Alternative, Remand filed by Plaintiffs Maria De Los Angeles Bustamante Successor in Interest to Jose Luis Bustamante. A separate order consistent with this Memorandum Opinion will be issued.

**SIGNED: June 12, 2012.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**